892 F.2d 187
 29 Fed. R. Evid. Serv. 612
 Andrew F. JANETKA, Jr., Plaintiff-Appellant,
v.
Darrell DABE, Badge No. 3384, Individually and as a Police
Officer of the Suffolk County, New York Police
Department and County of Suffolk,
Defendants-Appellees.
 No. 333, Docket 89-7451.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 2, 1989.
Decided Dec. 15, 1989.
 
 Arthur V. Graseck, Jr., Port Washington, N.Y., for plaintiff-appellant.
 E. Thomas Boyle, Suffolk County Atty., Hauppauge, N.Y. (Dennis E. Milton, Chief Deputy County Atty., Robert H. Cabble, Asst. County Atty., of counsel), for defendants-appellees.
 Before MINER and MAHONEY, Circuit Judges, and CARMAN, Judge.*
 MINER, Circuit Judge:
 
 
 1
 Plaintiff-appellant Andrew F. Janetka, Jr., appeals from a judgment entered in the United States District Court for the Eastern District of New York (Wexler, J.), on April 28, 1989, dismissing his complaint against defendants-appellees Darrell Dabe and the County of Suffolk. Janetka alleged malicious prosecution of a resisting arrest charge in violation of his constitutional rights, 42 U.S.C. §§ 1983, 1988 (1982), having been acquitted of resisting arrest after a trial which also resulted in his conviction of disorderly conduct. He further alleged that defendant-appellee Darrell Dabe, a Suffolk County Police Officer, used excessive force in arresting him and denied him medical treatment, also in violation of his constitutional rights. Janetka also pleaded pendent state law claims for false arrest, assault, battery, negligence and gross negligence against the County under the common-law doctrine of respondeat superior.
 
 
 2
 At the close of Janetka's case, the district court directed a verdict for defendants on the malicious prosecution claim on the ground that Janetka's acquittal of resisting arrest was not a "favorable termination," considering his conviction of the lesser offense of disorderly conduct. Janetka v. Dabe, 710 F.Supp. 906, 909 (E.D.N.Y.1989). After ruling that an investigative report concerning Suffolk County's toleration of police conduct was inadmissible, the court also dismissed all claims against the County. The excessive force and denial of medical treatment claims were tried by a jury, which found for Dabe.
 
 
 3
 On appeal, Janetka asserts that his malicious prosecution claim should have been presented to the jury, because his acquittal was a favorable termination of the underlying charge, despite his conviction of a lesser, related charge. Janetka also contends that the district court erred in excluding the investigative report, and that he was denied a fair trial on his remaining claims because the jury was not allowed to consider his malicious prosecution claim in conjunction with his claim of excessive force. Janetka has not raised any arguments concerning the dismissal of his pendent state law claims against the County.
 
 
 4
 We hold that Janetka's acquittal of the resisting arrest charge was a favorable termination for purposes of the malicious prosecution claim. We therefore reverse so much of the judgment as dismissed the malicious prosecution claim and remand for further proceedings as to that claim. We also find that the district court properly excluded the investigative report and that Janetka received a fair trial, and therefore affirm the rest of the judgment.
 
 BACKGROUND
 
 5
 Darrell Dabe, a Suffolk County Police Officer, responded to a radio call at approximately 3:00 a.m. on November 5, 1986, reporting that a fight involving a knife was in progress at a convenience store. When Dabe arrived at the store, Janetka told him that an hispanic man in the store had a knife. Police Officer Edward Troyano, who had arrived at the store at about the same time as Dabe, frisked the man but found no knife. The store clerk, who had reported the fight, told the officers that Janetka had harassed the man and his girlfriend.
 
 
 6
 Troyano went to his car to run warrant checks on both the hispanic man and Janetka. Dabe remained on the sidewalk between the hispanic man and Janetka, who was yelling and pointing his finger at the man. When Dabe told Janetka he might be arrested, Janetka responded with expletives. Dabe arrested Janetka for disorderly conduct. Dabe testified at trial that Janetka began waving his arms, thereby preventing Dabe from applying handcuffs. Troyano and Police Officer Scott Devine, who also had answered the radio call, assisted Dabe. In the ensuing struggle, Janetka and the officers fell against the store window. Janetka subsequently was charged with resisting arrest.
 
 
 7
 Janetka testified, in contrast, that he had been accosted by the hispanic man and, due to the stress of the situation, he suffered an asthma attack and had difficulty breathing and speaking. He testified that he waved his arms to gesture to the police officers because he could not speak, and that Dabe struck him in the face several times. Janetka claimed to have suffered bruises and facial swelling. Testimony concerning the car ride to the Fifth Suffolk County Police Precinct in Patchogue also differed. Dabe testified that Janetka spit on him and kicked the car windshield. Janetka testified that Dabe punched him in the head several times.
 
 
 8
 Janetka filed a complaint with the Human Rights Commission, resulting in an internal affairs investigation and a reprimand for Dabe for failing to record the names of the hispanic man and his companion. The charges of resisting arrest and disorderly conduct were tried before a jury and Judge Marquette Floyd in the Suffolk County District Court, resulting in a verdict of not guilty on the charge of resisting arrest, and guilty on the charge of disorderly conduct. Evidence of the disposition of both charges was presented to the jury in the case at bar.
 
 
 9
 At the conclusion of plaintiff's case in this action, the district court granted defendants' motion for a directed verdict dismissing Janetka's malicious prosecution claim, on the ground that Janetka's acquittal on the false arrest charge was not a "favorable termination" in light of the fact that he had been convicted of disorderly conduct. Janetka, 710 F.Supp. at 908-09. The court held that "although separate offenses were charged, both arose out of events that occurred on the same occasion. The charges were closely related and arose in connection with two types of behavior that occurred either simultaneously or within minutes of each other." Id. at 909.
 
 
 10
 The district court earlier had refused to allow Janetka to introduce into evidence portions of a State Investigation Commission Report on official condonation of police misconduct by the Suffolk County Police Department and dismissed the claims against the County. The remaining claims, excessive force and denial of medical treatment, went to the jury, which found for defendant Dabe.
 
 DISCUSSION
 
 11
 A claim of malicious prosecution brought pursuant to sections 1983 and 1988 is governed by state law in the absence of federal common law. See Conway v. Village of Mount Kisco, 750 F.2d 205, 214 (2d Cir.1984). Under New York law, a plaintiff alleging malicious prosecution must establish that:
 
 
 12
 (1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice.
 
 
 13
 Russo v. New York, 672 F.2d 1014, 1018 (2d Cir.1982) (quoting Martin v. City of Albany, 42 N.Y.2d 13, 16, 364 N.E.2d 1304, 1307, 396 N.Y.S.2d 612, 614 (1977)), modified on other grounds, 721 F.2d 410 (2d Cir.1983) (per curiam).
 
 
 14
 The district court dismissed Janetka's claim of malicious prosecution of the resisting arrest charge, even though Janetka had been acquitted of that offense, on the theory that the proceeding had not terminated in his favor. Judge Wexler reasoned that the acquittal was not a favorable termination, because the charge "arose out of events that occurred on the same occasion" as the disorderly conduct charge that resulted in a conviction. 710 F.Supp. at 909. We disagree.
 
 
 15
 Favorable termination is not so much an element of a malicious prosecution claim as it is a prerequisite to commencement of the action. See Munoz v. City of New York, 18 N.Y.2d 6, 10, 218 N.E.2d 527, 529, 271 N.Y.S.2d 645, 649 (1966) ("It is a kind of pre-condition to the later action, the sine qua non...."); see also W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton On Torts § 119, at 874 (5th ed. 1984). The requirement of favorable termination ensures against inconsistent judgments. Heaney v. Purdy, 29 N.Y.2d 157, 160, 272 N.E.2d 550, 552, 324 N.Y.S.2d 47, 49 (1971). It also permits a finding that probable cause was lacking. Id., 272 N.E.2d at 552, 324 N.Y.S.2d at 49.
 
 
 16
 When a termination is indecisive because it does not address the merits of the charge, the facts surrounding the termination must be examined to determine "whether the failure to proceed implies a lack of reasonable grounds for the prosecution." Conway, 750 F.2d at 215. Employing this analysis, terminations less favorable than an acquittal have been found to be favorable for purposes of a malicious prosecution claim. See, e.g., Keller v. Butler, 246 N.Y. 249, 253-54, 158 N.E. 510 (1927) (favorable termination where Governor refused extradition after arrest in New York State on charges in Florida); Reit v. Meyer, 160 A.D. 752, 146 N.Y.S. 75 (1st Dep't 1914) (dismissal for failure to prosecute was favorable termination). See generally Restatement (Second) of Torts § 659 (1977) (examples of favorable terminations).
 
 
 17
 No such factual inquiry is required, however, after an acquittal on the merits. "[W]here a criminal proceeding has been terminated in favor of the accused by judicial action of the proper court or official in any way involving the merits or propriety of the proceeding ... a foundation in this respect has been laid for an action of malicious prosecution." Halberstadt v. New York Life Ins. Co., 194 N.Y. 1, 86 N.E. 801, 803-04 (1909); see Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir.1980) (proceedings have terminated favorably "only when their final disposition is such as to indicate the accused is not guilty"), cert. denied, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Indeed, courts have held that an acquittal satisfies the favorable termination requirement even when there has been a conviction on a related charge, or one arising from the same incident or event. See Ruff v. Ekerds Drugs, Inc., 265 S.C. 563, 220 S.E.2d 649, 650-51 (1975) (favorable termination established where malicious prosecution plaintiff previously arrested for assault and disorderly conduct "aris[ing] out of the same set of circumstances" was convicted of assault and acquitted of disorderly conduct); Cuthrell v. Zayre of Va., Inc., 214 Va. 427, 201 S.E.2d 779, 780 (1974) (favorable termination established where malicious prosecution plaintiff, previously arrested for disorderly conduct after dispute over arrest for petit larceny, was convicted of disorderly conduct and acquitted of petit larceny).
 
 
 18
 Here, Janetka was charged with two distinct offenses involving distinct allegations. The disorderly conduct charge involved Janetka's actions directed at the unidentified hispanic man; the resisting arrest charge involved his actions directed at the officers' attempts to arrest him. The elements of each charge are different; neither charge is a lesser included offense of the other.
 
 
 19
 To hold that an acquittal does not constitute a favorable termination would be particularly inappropriate in this case, where the charge for which Janetka was acquitted was more serious than the one for which he was convicted. Resisting arrest is a "misdemeanor," see N.Y.Penal Law § 205.30 (McKinney 1988), punishable by a maximum prison sentence of one year, see N.Y.Penal Law § 10.00(4) (McKinney 1987). Disorderly conduct is a "violation," see N.Y.Penal Law § 240.20 (McKinney 1989), punishable by a maximum prison sentence of 15 days, see N.Y.Penal Law § 10.00(3). Allowing police officers to add unwarranted misdemeanor charges to valid violation charges may force an accused to go to trial on the misdemeanor when he otherwise would plead to the violation. If the dispositive factor is whether, as the district court held, the charge resulting in acquittal "arose out of events that occurred on the same occasion" as a charge resulting in conviction, then police officers could add unsupported serious charges to legitimate minor charges with impunity.
 
 
 20
 Accordingly, we reverse the dismissal of the malicious prosecution claim and remand for further proceedings as to that claim in the district court.
 
 
 21
 Janetka's second assignment of error is that the district court improperly excluded from evidence an investigative report concluding that Suffolk County tolerated and approved of misconduct by individual police officers. Janetka argues that the district court abused its discretion by failing completely to address factors favoring the admission of the report under the public report exception to the hearsay rule, see Fed.R.Evid. 803(8)(C), such as the timeliness of the report, the skill and experience of investigators, the level at which the hearings were conducted, and the possibility of improper motive.
 
 
 22
 Before reaching the issue whether the report qualified under the public report exception to the hearsay rule, see Fed.R.Evid. 803(8), the district court properly considered its relevance, see Fed.R.Evid. 402. In this regard, Janetka did not produce a copy of the report for the court, nor did he make an offer of proof as to which portions of the report were relevant to the case. See Fortunato v. Ford Motor Co., 464 F.2d 962, 967 (2d Cir.), cert. denied, 409 U.S. 1038, 93 S.Ct. 517, 34 L.Ed.2d 487 (1972). Janetka also did not connect the behavior of individual officers to a policy or practice of Suffolk County other than to assert "that the facts as developed at trial would have justified the inference" of a connection. Absent a showing that Dabe knew of and relied upon the County's policy or practice, the report was not relevant to the case. See Anderson v. City of New York, 657 F.Supp. 1571, 1575-76 (S.D.N.Y.1987) (plaintiff "must link the behavior in question to the policy of failure to discipline--for example, the officer must have known of the policy at the time he allegedly committed the civil rights violations").
 
 
 23
 Finally, Janetka asserts that since his claim of excessive force, which went to the jury, and his malicious prosecution claim, which was dismissed on a directed verdict, were intertwined, the improper dismissal of the malicious prosecution claim denied him a fair trial on the excessive force claim. The jury, however, was apprised of Janetka's acquittal on the resisting arrest charge. There is no indication that any evidence relevant to the excessive force claim was excluded because the malicious prosecution claim was dismissed on a directed verdict.
 
 CONCLUSION
 
 24
 The judgment of the district court is reversed insofar as it directed a verdict for defendants on the malicious prosecution claim, and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.
 
 
 
 *
 Hon. Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation