**Thurman Jerome BROWN,**
**Plaintiff–Appellant,**

v.

**Denis DILLION, District Attorney, Nassau County, Margaret O'Shea, Court Reporter, Nassau County Court, Joseph P. Jablonsky, Sheriff, Nassau County Corr. Ctr., Kristen Bryceland, Reporter, The Baldwin and Rockville Ctr. Heralds, Defendants–Appellees.**

**Docket No. 00–0276.**

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

Thurman Jerome Brown, Dannemora, NY, pro se.

Present KEARSE, WINTER, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was submitted by plaintiff *pro se.*

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is vacated, and the matter is remanded for further consideration.

Plaintiff Thurman Jerome Brown, a New York State prisoner convicted of various theft offenses, appeals from a judgment of the United States District Court for the Eastern District of New York, Jacob Mishler, *Judge,* dismissing his complaint under 42 U.S.C. § 1983 for damages and other relief on his claims of malicious prosecution. The district court, after giving Brown notice and an opportunity to be heard, dismissed the complaint *sua sponte* on the ground that Brown may not, under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), pursue such claims unless and until his convictions are invalidated. On appeal Brown contends principally that the court's reliance on *Heck* was erroneous because he was acquitted of the charges relating to two of his alleged victims. For the reasons that follow, we conclude that the matter should be remanded for further consideration.

■ In order to recover compensatory damages in an action under § 1983, a plaintiff must prove not only that his federal rights were violated but also that the violation caused him actual, compensable injury. *See, e.g., Memphis Community School District v. Stachura,* 477 U.S. 299, 307–09, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). Conviction and imprisonment do not constitute compensable injury unless and until the conviction is invalidated. *See*

*Heck v. Humphrey,* 512 U.S. at 486–87, 114 S.Ct. 2364. Further, in order to establish a claim for malicious prosecution under § 1983, a plaintiff must show, *inter alia,* that the prosecution ended in his favor. *See, e.g., Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir.1997), *cert. denied,* 522 U.S. 1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998); *Russell v. Smith,* 68 F.3d 33, 36 (2d Cir.1995); *Janetka v. Dabe,* 892 F.2d 187, 189 (2d Cir.1989). However, "courts have held that an acquittal satisfies the favorable termination requirement even when there has been a conviction on a related charge, or one arising from the same incident or event." *Id.* at 190 (where defendant was charged with two distinct offenses involving distinct allegations and different victims, acquittal on one charge constituted a favorable termination even where he was convicted of the other charge); *cf. Posr v. Doherty,* 944 F.2d 91, 100 (2d Cir.1991) (in considering a defendant's malicious prosecution claim, court must "separately analyze the charges claimed to have been maliciously prosecuted").

■ In this Court, as in the district court, Brown asserts that he was acquitted of the robbery charges with respect to two of his alleged victims. The district court in its opinion did not mention this contention and appears to have assumed that Brown did not have a favorable termination of any of the criminal charges against him. Defendants have not disputed Brown's assertion in this Court, having declined to file a brief on appeal. (*See* Letter from Deputy County Attorney Gerald R. Podlesak to Court of Appeals dated February 20, 2001 ("... I believe that is [*sic*] not in the County of Nassau [*sic*] best interest to respond to Mr. Brown's papers.").)

We are unable to determine the correctness of Brown's factual assertion on the present record. If that assertion is correct, and if Brown asserts claims of malicious prosecution with respect to charges of which he was acquitted, it is not clear that the court properly dismissed the complaint in its entirety. Accordingly, we remand to the district court for further development of the record and for consideration of Brown's claims in light of the above authorities. We express no view as to whether Brown can establish the elements of a malicious prosecution claim.

For the foregoing reasons, the judgment of the district court is vacated, and the matter is remanded for development of the record and further consideration.