**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2934
_____

ZOLINDA KIRIAKIDIS; JULIAN BABITZ,
Appellants

v.

BOROUGH OF VINTONDALE; ERIC YACKULICH
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-12-cv-00188)
District Judge: Honorable Kim R. Gibson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 9, 2015
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, *Circuit Judges*

(Opinion Filed: April 13, 2015)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

Appellants Zolinda Kiriakidis and Julian Babitz appeal from a District Court order

dismissing, with prejudice, their civil-rights action against Appellees Eric Yackulich and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

the Borough of Vintondale. The District Court concluded that Kiriakidis's excessive force claim against Yackulich, a police officer with the Vintondale police department, was barred by the statute of limitations. The District Court dismissed Appellants' malicious prosecution claims because the underlying state criminal proceedings had not terminated in their favor. For the reasons that follow, we will affirm.

## I.

We accept the allegations in the complaint as true and construe those facts in the light most favorable to the Appellants. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). On the evening of August 28, 2010, Kiriakidis was driving from a funeral home back to her house when she noticed Officer Yackulich tailing her in a marked police car. Officer Yackulich followed for a short distance and then activated his lights, signaling Kiriakidis to pull over. Kiriakidis stopped her car on the side of the road in an isolated area a short distance from the center of town. Officer Yackulich then walked up to the side Kiriakidis's car and "accused her of improper vehicle operation." (App. at 21.)

When Officer Yackulich went back to his police cruiser to check Kiriakidis's motor vehicle and driver information, Kiriakidis fled in her car, driving two-tenths of a mile to a more populated area. She then parked, exited her car, and continued on foot "to an adjacent building in the hope that her friend . . . Babitz" would be able to help her. (*Id.*) Before reaching Babitz's location, however, she was intercepted by Officer Yackulich. Once he caught up to her, Officer Yackulich "violently threw [Kiriakidis] to the ground, which consisted of brick paving, pulled her erect by her shoulders, and [then]

2

forcibly threw her against the building, causing severe injuries." (*Id.*) Officer Yackulich then pulled Kiriakidis's arms behind her back and handcuffed her.

While Officer Yackulich was effectuating this arrest, Babitz approached the scene to see whether he could offer some assistance. Officer Yackulich responded to Babitz's presence by threatening to arrest him. Officer Yackulich then threw Kiriakidis in the back of his police cruiser and turned off the car's air conditioning unit. A short time later, Officer Yackulich drove Kiriakidis to the police station where she underwent drug and alcohol testing. During this entire period, her arms remained handcuffed behind her back. At approximately 4:00 AM the next morning, a magisterial district judge held a bail hearing and released Kiriakidis on her own recognisance.

Both Kiriakidis and Babitz were charged criminally with several counts relating to the incident.[1] After a jury trial, Kiriakidis was acquitted of all charges that were submitted to the jury. However, the magisterial district judge convicted her of disregarding a traffic lane, 75 Pa. Cons. Stat. Ann. § 3309(1), and disorderly conduct by making unreasonable noise, 18 Pa. Cons. Stat. Ann. § 5503(a)(2).

Babitz was charged with seven counts, including one count of failing to disperse, 18 Pa. Cons. Stat. Ann. § 5502, and six counts of disorderly conduct. He was convicted by a magisterial district judge of disorderly conduct for creating unreasonable noise in

---

[1] The nine charges against Kiriakidis were as follows: two counts of fleeing or attempting to elude an officer, 75 Pa. Cons. Stat. Ann. § 3733(a), two counts of disorderly conduct, 18 Pa. Cons. Stat. Ann. § 5503(a)(2) & (a)(4), one count of reckless driving, 75 Pa. Cons. Stat. Ann. § 3736(a), one count of disregarding a traffic lane, *id.* § 3309(1), one count of failing to drive at a safe speed, *id.* § 3361, one count of failing to stop at a stop sign, *id.* § 3323(b), and one count of resisting arrest, 18 Pa. Cons. Stat. Ann. § 5104.

3

violation of 18 Pa. Cons. Stat. Ann. § 5503(a)(2) and for using obscene language or gestures in violation of 18 Pa. Cons. Stat. Ann. § 5503(a)(3). The other charges against Babitz were dismissed. Neither Appellant appealed the convictions.

On August 29, 2012, Appellants filed a three-count civil-rights complaint in the Western District of Pennsylvania. The original complaint asserted an excessive force claim on behalf of Kiriakidis and a malicious prosecution claim on behalf of Babitz against Officer Yackulich. The original complaint also asserted a claim against the Borough of Vintondale Police Department under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). Appellees moved to dismiss on February 19, 2013. The District Court granted that motion on September 26, 2013, finding that (a) Kiriakidis's excessive force claim was barred by the statute of limitations; (b) Babitz's malicious prosecution claim was deficient because he had not alleged the crimes with which he had been charged or that the criminal prosecution had terminated in his favor; and (c) the Borough of Vintondale Police Department was not a legal entity capable of being sued. The dismissal order granted Appellants leave to file an amended complaint.

On October 16, 2013, Appellants filed an amended complaint. The amended complaint repeated Kiriakidis's excessive force claim and Babitz's malicious prosecution claim, naming as defendants Officer Yackulich and the Borough of Vintondale. The amended complaint also added a malicious prosecution claim on behalf of Kiriakidis against Officer Yackulich and the Borough of Vintondale. Appellees filed a second motion to dismiss on November 5, 2013. By memorandum and order dated May 6, 2014, the District Court granted Appellees' motion and dismissed the complaint with prejudice.

The District Court concluded that Kiriakidis's excessive force claim was untimely, and that the malicious prosecution claims failed because the underlying criminal actions had not terminated in either Appellant's favor. Appellants timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's dismissal pursuant to Rule 12(b)(6). *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). We review the denial of Appellants' request for leave to amend for abuse of discretion. *Krantz v. Prudential Inves. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

## III

Kiriakidis argues that her excessive force claim was timely. Kiriakidis's § 1983 claim is governed by Pennsylvania's two-year statute of limitations for personal injury actions, 42 Pa. Cons. Stat. Ann. § 5524. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989). While the appropriate limitations period is established by state law, federal law controls when her claim arose. *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).

Kiriakidis was allegedly assaulted by Officer Yackulich on the evening of August 28, 2010. She filed this action on August 29, 2012, one day after the limitations expired. While acknowledging that the physical assault occurred on August 28, 2010, Kiriakidis asserts that her excessive force claim includes being handcuffed during the early morning hours or August 29th, rendering the filing of her action timely. The amended complaint, however, does not aver that the handcuffs were excessively tight, or that they caused her

5

substantial pain or injury. Furthermore, the amended complaint only avers that she sought medical treatment for injuries she sustained when Officer Yackulich allegedly "threw her to the ground and against the wall." (App. at 22.) We conclude that Kiriakidis's claim accrued and was known to her on the evening of August 28, 2010. Thus, her complaint was filed one day late and is barred by the statute of limitations. *See Monkelis v. Mobay Chem.*, 827 F.2d 937, 938 (3d Cir. 1987) ("[T]he statute of limitations expires on the anniversary date of the event, not the day following.").

We next address Appellants' contention that they each stated plausible claims for malicious prosecution. To prevail on a § 1983 malicious prosecution claim, Appellants must show, among other things, that "the criminal proceeding ended in [their] favor." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). We have held that "the favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole." *Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009). Where, as here, Appellants were simultaneously acquitted of some charges and convicted of others, we must determine whether "the offenses as stated in the statute and the underlying facts of the case . . . indicate that the judgment as a whole" reflects the Appellants' innocence.[2] *Id.*

---

[2] Appellants urge us to adopt the dissenting view expressed in *Kossler*, 564 F.3d at 196-99 (Aldisert, J., dissenting), and apply the Second Circuit's approach in *Janetka v. Dabe*, 892 F.2d 187 (2d Cir. 1989). However, *Janetka* "does not conflict with our analysis here," because the plaintiff in that case "was charged with two distinct offenses involving distinct allegations"—disorderly conduct directed toward a bystander and resisting arrest directed toward a police officer. *Kossler*, 564 F.3d at 190 (quoting

Turning first to Kiriakidis, of the original nine counts, she was convicted of disregarding a traffic lane and disorderly conduct by making unreasonable noise. Given the factual context contained in the complaint and the disposition of the charges, we cannot conclude that the judgment as a whole reflects Kiriakidis's innocence. The traffic lane conviction indicates Officer Yackulich had reason to initiate the traffic stop. The disorderly conduct conviction establishes that Kiriakidis intended "to cause public inconvenience, annoyance or alarm, or recklessly creat[e] a risk thereof" by making "unreasonable noise." 18 Pa. Cons. Stat. Ann. § 5503(a)(2). Thus, there was at the inception of the encounter conduct by Kirakidis that supported a finding that she had violated the laws of Pennsylvania. Under these circumstances, we cannot conclude that Kiriakidis could show favorable termination of the underlying criminal proceedings. *Kossler*, 564 F.3d at 188.

Babitz's argument fares no better. In the amended complaint, Babitz alleges that he approached Officer Yackulich to "offer some assistance [to] perhaps remedy the situation" during the arrest. (App. at 24.) However, when these facts are taken together with his criminal convictions, we conclude the judgment does not indicate Babitz's innocence. Indeed, the disorderly conduct convictions show that Babitz intended "to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof" by engaging in various types of prohibited conduct. 18 Pa. Cons. Stat. Ann. § 5503. Under

---

*Janetka*, 892 F.2d at 190). The criminal counts in the case at hand are more analogous to those set forth in *Kossler* because they implicate sufficiently similar conduct, stemming entirely from a traffic stop and subsequent exchange between Appellants and Officer Yackulich. We conclude that *Kossler* applies and is binding.

7

*Kossler*, Babitz has failed to demonstrate that the criminal judgment, as a whole, confirms his innocence. 564 F.3d at 188. Accordingly, we agree with the District Court that dismissal of the malicious prosecution claims was warranted.

Because we conclude that there was no constitutional violation, Appellants cannot sustain a claim against the Borough of Vintondale under *Monell*. For the same reason, we need not reach the question of qualified immunity.

Finally, we conclude that the District Court did not abuse its discretion in denying Appellants' request for leave to file a second amended complaint. Appellants were on notice of the original complaint's deficiencies, but failed to remedy these shortcomings in the amended complaint. Under these circumstances, the District Court acted well within its discretion in not accepting a third complaint in this action. *See Krantz*, 305 F.3d at 145.

## IV.

For the reasons stated above, we will affirm the District Court's May 6, 2014 order.