Donald R. JERMOSEN, Plaintiff,

v.

Thomas A. COUGHLIN,
et al., Defendants.

No. 91–CV–267.

United States District Court,
N.D. New York.

March 14, 1995.

Donald R. Jermosen, Attica, NY, pro se.

G. Oliver Koppell, Atty. Gen., State of N.Y. (Alan S. Kaufman, Asst. Atty. Gen., of counsel), Albany, NY, for defendants.

## ORDER

McAVOY, Chief Judge.

### I. Background.

This matter was referred to Magistrate Judge Daniel Scanlon, Jr. for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). The incarcerated plaintiff's claims stem from the New York State Department of Corrections handling and determinations of two separate misbehavior reports filed against him.

In a Report–Recommendation dated April 22, 1994, Magistrate Judge Scanlon recommended the following: 1). that defendants' motion to dismiss plaintiff's complaint as a sanction for his abusive and threatening sub-

missions be denied without prejudice, with the caveat that should plaintiff in the future submit papers containing threats or abusive language his complaint will be dismissed with prejudice; 2). that plaintiff's various discovery motions be denied; 3). that defendants' motions for summary judgment on plaintiff's claims, as presently stated in his complaint, be granted; and 4). that plaintiff be granted leave to amend his complaint to include his post-appeal keeplock confinement and re-hearing denial claims.

The court has reviewed the objections of both parties and for the reasons outlined below adopts the Report and Recommendation in part. However, in light of intervening case law which was unavailable to guide the Magistrate Judge at the time he prepared his Report and Recommendation, the court recognizes that plaintiff may have colorable due process claims for defendants' failure to release him from keeplock upon expiration of his initial sentence of confinement prior to his December 24, 1990 hearing, for the procedurally deficient disciplinary hearing afforded him, and, for defendants' failure to timely release him from keeplock or conduct a rehearing upon reversal of the unfavorable determination by defendant Selsky. While plaintiff addressed these issues in his objections to the Magistrate Judge's Report and Recommendation, he has, quite properly, not submitted an amended complaint during the pendency of this decision. Therefore, the court now grants plaintiff the opportunity to amend his complaint, with the cautionary admonition that any additional filings by plaintiff must comprehend only the due process issues outlined in this Memorandum Decision and Order and further, must comport with the restrictions contained in the Magistrate Judge's Report and Recommendation relating to the use of foul, abusive language and threatening statements. Failure to comply with these restrictions will result in dismissal with prejudice of plaintiff's remaining causes of action.

Finally, consistent with Magistrate Judge Scanlon's Bar Order filed on February 7, 1995, plaintiff may file no further motions for appointment of counsel without leave of the court. Failure to comply therewith may result in sanctions as well.

## A. Facts:

This lawsuit stems from an inmate misbehavior report issued against plaintiff on December 19, 1990, and the subsequent hearing on that report held on December 24, 1990. That report resulted from a threatening letter received by the facility Superintendent on December 14, 1990, which BOP alleged was written by plaintiff. At the time the December 19, 1990 report issued, plaintiff was already serving a keeplock sentence to run from October 23, 1990 until December 22, 1990.[1] Plaintiff also labored under a 365 day *suspended* sentence as the result of a disciplinary hearing held on September 13, 1990. Upon reviewing the December 19 misbehavior report on that date, defendant Bashaw concluded that a decision whether plaintiff should be retained or released from administrative keeplock was "not applicable" since plaintiff's present keeplock confinement did not result from the December 19 report. That determination might well have been correct had the pending disciplinary hearing been concluded prior to December 22, 1990, the date of plaintiff's scheduled release from keeplock.

However the hearing on the December 19 misbehavior report was held and concluded on December 24, 1990. That hearing resulted in re-imposition of the previously suspended 365 day keeplock sentence from the September 13, 1990 disciplinary hearing. That sentence was also imposed retroactively, to begin on December 18, 1990 and to expire on December 18, 1991. This sentence was reversed on appeal on February 22, 1991 as a result of the Hearing Officer's failure to interview a relevant witness. A rehearing was to commence within seven days but was never held and the December 19, 1990 misbehavior report charges were consequently dismissed. Plaintiff was not released from keeplock, however, until eighteen days later.

---

1. That confinement was the result of a disciplinary determination made on August 9, 1990 and not at issue in the instant action.

## II Procedural Issues.

### A. Appointment of Counsel:

■ The court finds that the Magistrate Judge correctly determined that plaintiff has not established that he is in need of the assistance of counsel. Plaintiff has amply demonstrated the ability to competently litigate his claims. Furthermore, no exceptional circumstances exist which would compel the conclusion that plaintiff should be provided counsel. Therefore, the Court adopts the Magistrate Judge's recommendation that plaintiff's request for counsel be denied.

### B. Discovery Motions:

Plaintiff has filed numerous motions to compel discovery and a motion for a stay pending discovery. After close examination of the record the court finds no evidence indicating that the defendants have failed to comply in good faith with discovery. Plaintiff's reasonable discovery requests have been have been substantially complied with and his interrogatories have been answered, notwithstanding his assertions to the contrary. Therefore the court adopts the recommendations of the Magistrate Judge and denies Plaintiff's motions dated 2/4/94 (Docket No. 84), 5/1/92 (Docket No. 58), 5/1/92 (Docket No. 58), 4/16/92 (Docket No. 56), 4/2/92 (Docket No. 48), 12/16/91 (Docket No. 33) and, 12/12/91 (Docket No. 32).

### III. Defendants' Motions for Summary Judgment.

### A. The Standard for Summary Judgment:

■ Under Fed.R.Civ.Pro. 56(c), if there is "no genuine issue as to any material fact ... the moving party is entitled to a judgment as a matter of law ... where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *on remand*, 807 F.2d 44 (3d Cir.1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). The burden to demonstrate that no genuine issue of material fact exists falls solely on the moving party, *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317 (2d Cir.1975), and the trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985). It is with these considerations in mind that the court addresses defendant's motions for summary judgment.

### B. Defendant Selsky:

■ The summary judgment motion of defendant Selsky is denied based on the decision in *Young v. Selsky*, 41 F.3d 47 (2nd Cir.1994). That case held that hearing officers, even those acting at an appellate level, will not be afforded absolute immunity and therefore may be amenable to suit for civil rights violations.

■ Members of the judiciary have enjoyed absolute immunity from personal liability for "acts committed within their judicial jurisdiction" *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). However, "judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978). In contrast to the absolute immunity enjoyed by the judiciary, prison officials who hear cases in which inmates are charged with rules infractions should enjoy a lower degree of protection because these officers cannot be said to be completely independent from the institution from which an appeal would be taken. *Cleavinger v. Saxner*, 474 U.S. 193, 194, 106 S.Ct. 496, 496, 88 L.Ed.2d 507 (1985). In *Cleavinger* it was observed that:

> [hearing officers] are employees of the Bureau of Prisons and they are the direct subordinates of the warden who reviews their decision. They work with the fellow employee who lodges the charge against the inmate upon whom they sit in judgment. The credibility determination they make often is one between a co-worker and an inmate. They thus are under obvious pressure to resolve a disciplinary dispute

in favor of the institution and their fellow employee.

*Cleavinger*, 474 U.S. at 204, 106 S.Ct. at 502.

The Second Circuit Court of Appeals has now extended the *Cleavinger* rationale by holding that even appellate level hearing officers will not be afforded absolute immunity from suit. That Court, while specifically addressing the immunity to be afforded defendant Selsky in his quasi-judicial capacity, held that Selsky was entitled to only qualified immunity. *Young v. Selsky*, 41 F.3d at 54; *See also Walker v. Bates*, 23 F.3d 652 (2d Cir.1994). Observing the close connection between Selsky and the Department of Corrections, the Second Circuit noted that "the simple fact that Selsky serves at the pleasure of superiors within [DOCS] creates a dependence upon the goodwill of these officials, who may, on occasion, place institutional interests above the rights of inmates." Therefore, the Court found, Selsky is not sufficiently independent to justify absolute immunity. *Young v. Selsky*, 41 F.3d at 54; *quoting Moye v. Selsky*, 826 F.Supp. 712, 723 (S.D.N.Y.1993).

■ The *Young* court did hold, of course, that Selsky may be entitled to qualified immunity. *Young*, 41 F.3d at 54. Under the qualified immunity standard, a government official is immune from liability for damages which are alleged to flow from his official acts, providing that those acts do not violate a Constitutional or statutory right. *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir.1993). Here, plaintiff contends that his additional keeplock confinement was in violation of his due process rights. As discussed below plaintiff's claim is at least colorable and so further analysis will be required to determine if plaintiff's amended complaint states a claim against Selsky upon which relief can be granted or whether Selsky can be afforded qualified immunity. Today however, Selsky's motion for summary judgment, based as it is on a claim of absolute immunity, must be denied.

## C. Defendant Coughlin:

■ Affording plaintiff's allegations against defendant Coughlin the broadest possible construction, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff apparently claims that Coughlin failed to implement policies and procedures sufficient to provide plaintiff the process due him for inmate disciplinary proceedings. Plaintiff, however, has offered no specific allegations or factual evidence of conduct or omissions by Coughlin in support of such a claim.

In defense to this claim, Defendant Coughlin submits a memo dated January 1990 from Deputy Commissioner Anthony Annucci to all facility superintendents. The memo was prepared in response to holding of *Gittens v. LeFevre*, 891 F.2d 38 (2d Cir.1989) and directed that the following written statement is to be served with any misbehavior report which resulted in confinement:

"You are hereby notified that since you are restricted pending a hearing for this misbehavior report, you may write the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement."

Magistrate Judge's Report, at 7.

In this case, defendant Bashaw determined that notice was not applicable because plaintiff was an inmate confined due to a previous disposition. Whether or not plaintiff's due process rights were violated by defendant Bashaw's determination, there is no evidence that Coughlin failed to promulgate appropriate pre-hearing confinement procedures or that Coughlin, by implementation of any policy or practice, was himself responsible for any violation of plaintiff's rights to due process. Indeed, in light of Coughlin's memorandum the opposite appears to be true. Furthermore, plaintiff's allegations of "supervisory liability" cannot be maintained under § 1983. *See Al–Jundi v. Estate of Rockefeller*, 885 F.2d 1060 (2nd Cir.1989).

Plaintiff's conclusory allegations of Coughlin's failure to promulgate appropriate due process safeguards raise no issues of fact upon which his claims may be pursued. For all the foregoing reasons defendant Coughlin's motion for summary judgment is hereby granted.

## IV. Defendants' Motions to Dismiss.

### A. Abusive Language and Threats by Plaintiff:

■ Defendants have moved for dismissal of plaintiff's complaint as a sanction for his use of foul and threatening language. After a review of the papers at issue, this court adopts the recommendations of the Magistrate Judge and declines to dismiss the complaint for that reason at this juncture. While it is clear that some material in plaintiff's papers is objectionable, the Court will rely at this time upon its strongest admonition that plaintiff desist. Plaintiff is hereby placed on notice, however, that should he resume his use of abusive or threatening language his remaining claims will be summarily dismissed with prejudice.

### B. Threats and harassment by the defendants:

■ The court also adopts the Magistrate Judge's recommendation regarding that portion of plaintiff's complaint which attempts to state a claim based on alleged threats and harassment by the defendants. As the Magistrate Judge's Report and Recommendation properly noted, such allegations will not support a cause of action under 42 U.S.C. § 1983. Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983. *See Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir.1987) (derogatory remarks do not constitute a constitutional violation); *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989); *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir.1987); *Martin v. Sargent,* 780 F.2d 1334, 1338–39 (8th Cir.1985). Moreover, verbal threats will not violate the Fourteenth Amendment unless accompanied by physical force or the present ability to effectuate the threat. *See Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir.1987); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir.1985). Plaintiff has made no showing of uninvited physical contact, nor has he pled such a cause of action in his complaint. Since mere verbal threats alone are insufficient to support a claim under § 1983, it follows that defendants' motion for summary judgment must be granted as to plaintiff's allegations of threats and harassment.

### C. Keeplock confinement December 22–24, 1990:

■ Plaintiff alleges that he was unlawfully confined in keeplock for a period of at least two days pending his December 24, 1990 disciplinary hearing. The question presented then is whether such confinement was mere non-actionable administrative error, as argued by the defendants, or a colorable due process claim as alleged by the plaintiff.

The holding of *Walker v. Bates* informs the Court as to the case at bar. In *Walker,* a prisoner brought a civil rights action against a disciplinary hearing officer who denied his request to call witnesses at a hearing that resulted in the prisoner's keeplock confinement. The court held that "when restrictive confinement within a prison is expressly imposed as a disciplinary sanction ... there will ordinarily be no doubt that the confinement impaired a liberty interest protected by state law and that the due process procedures [are required]." *Walker v. Bates,* 23 F.3d 652, 656 (2d Cir.1994) *quoting Sher v. Coughlin,* 739 F.2d 77, 81 (2d Cir.1984) (footnote omitted); *see also McCann v. Coughlin,* 698 F.2d 112, 121–22 (2d Cir.N.Y.1983) ("[A]n inmate who is or may be sentenced to a term of confinement in a Special Housing Unit has a right to the procedural protections of the Due Process Clause"). Here, however, defendants failed to provide the plaintiff with notice or a hearing prior to the continuation of his keeplock confinement. The question then is whether plaintiff's confinement was punitive or merely administrative. It is clear that the plaintiff's confinement *prior* to the December 22 release date was in fact punitive, in that it addressed past disciplinary problems. Defendants argue that on December 22, subsequent to receipt of the threatening letter (the December 24 hearing's subject), plaintiff's confinement became purely administrative in nature. This assertion, however, is at best suspect in light of plaintiff's unexplained additional eighteen day confinement subsequent to the administrative reversal of the December 24 proceeding, and

defendant's failure to initiate a rehearing as ordered by Selsky.

With respect to this issue, and viewing plaintiff's complaint in a light most favorable to him, the court finds that plaintiff has a colorable claim to a due process violation regarding the two day extension of his confinement. Furthermore, if properly drawn in an amended complaint, plaintiff may well state a claim upon which relief can be granted. Genuine issues of material fact as to whether plaintiff's keeplock was administrative or punitive in nature and defendants' entitlement to qualified immunity preclude disposition of that claim at this time. As such the motion for dismissal or summary judgment on this issue is denied.

**D. Due process at the December 24, 1990 hearing and subsequent confinement.**

Plaintiff has also alleged a denial of due process at the December 24 hearing in that he was denied both the right to call witnesses in his defense and that he was not provided with an impartial hearing officer (defendant Hatlee presided at the hearing). Plaintiff received an unfavorable determination at the December 24 hearing, which was later reversed upon administrative appeal by defendant Selsky. It is alleged further that plaintiff was confined for an additional eighteen day period after the administrative reversal.

■ Defendants argue that the favorable resolution of plaintiff's administrative appeal cured whatever procedural deficiencies that tainted the hearing. Once again, however, *Walker v. Bates,* 23 F.3d 652 (2d Cir.1994) provides clear guidance to the contrary. While addressing a similar set of facts the Second Circuit in *Walker* held that "reversal on administrative appeal does not preclude a damage action for a due process violation at a prisoner's disciplinary hearing where the reversal occurred after the prisoner has served at least a portion of the restrictive confinement" *Walker,* 23 F.3d 652, 658. "Once prison officials deprive an inmate of his constitutional procedural rights at a disciplinary hearing and the prisoner commences to serve a punitive sentence imposed at the conclusion of the hearing, the prison official responsible for the due process deprivation

must respond in damages, absent the successful interposition of a qualified immunity defense." *Walker,* at 659–60.

■ There appear to be questions of fact as to whether the December 24 hearing was procedurally infirm, although Selsky's administrative reversal because of the hearing officer's failure to provide plaintiff with the opportunity to call witnesses bespeaks a denial to plaintiff of an opportunity to be meaningfully heard. Opportunity to be heard and refute charges in a meaningful manner ensures to inmates the Constitutionally mandated due process rights recognized in *Gittens v. LeFevre,* 891 F.2d 38, 40 (2d Cir.1989) and *Patterson v. Coughlin,* 761 F.2d 886, 890 (2d Cir.1985), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). Absent such opportunity plaintiff's due process rights have been violated.

■ Assuming then that the hearing was procedurally deficient, once again the relevant question is whether plaintiff's post-determination and post-reversal confinement was restrictive or punitive within the inquiry of *Walker.* This too is a question of fact. As such, the court concludes that there are disputed genuine issues of material fact regarding whether plaintiff was denied his due process rights at the December 24 hearing, and whether his post hearing confinement was in fact punitive. Plaintiff in his amended complaint could state a colorable claim based on these facts and disputed questions of fact preclude summary judgment on such a claim. Therefore, defendant's motion to dismiss or for summary judgment on these claims is denied.

**E. First Amendment Violations in the September 13, 1990 Hearing:**

■ The Court finds that plaintiff's allegations that his First Amendment rights were violated at the September 13 hearing are without merit. As evidenced by his papers, plaintiff uses threatening and abusive language as a matter of course. Such expression finds little protection under the first amendment. *See, e.g., Brandenburg v. Ohio,* 395 U.S. 444, 447, 89 S.Ct. 1827, 1829, 23 L.Ed.2d 430 (1969) (per curiam). Further-

more, threats of violence fall within a category of speech unprotected by the First Amendment. *R.A.V. v. St. Paul,* — U.S. —, —, 112 S.Ct. 2538, 2546, 120 L.Ed.2d 305 ("threats of violence are outside the First Amendment"); *Watts v. United States,* 394 U.S. 705, 707–708, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (1969) (per curiam); *United States v. Bellrichard,* 994 F.2d 1318, 1321 (8th Cir.1993), *cert. denied* — U.S. —, 114 S.Ct. 337, 126 L.Ed.2d 282 (1993). In *Bellrichard,* the Supreme Court held that threats were undeserving of First Amendment protection. *Bellrichard,* 994 F.2d at 1321.

Plaintiff's conclusory incantation of the First Amendment falls far short of stating a claim upon which relief can be granted in light of the legitimate penological objectives asserted by the defendants. *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). The Court therefore adopts the recommendation of the Magistrate Judge and grants defendants' motion for judgment as to plaintiff's first amendment claims.

## V. Conclusion

By way of summary, the foregoing Memorandum Decision and Order concludes the following:

Plaintiff's motion for assistance of counsel (Docket No. 69) is DENIED;

Plaintiff's motions to compel discovery (Docket Nos. 32, 33, 48, 56, 58, and 84) are DENIED;

Defendant Coughlin's motion for summary judgment as to all claims is GRANTED. His motions for protective orders against further discovery (Docket Nos. 63 and 69) are DISMISSED as moot;

Defendant Selsky's motion for summary judgment based on his claim of absolute immunity (Docket No. 61) is hereby DENIED. The Court does not reach the question of Selsky's qualified immunity;

The motion for dismissal of plaintiffs claims as a sanction for his abusive language and threats is DENIED, without prejudice. Should further filings by plaintiff contain such language or threats, however, plaintiff's complaint will be dismissed, in its entirety, with prejudice;

To the extent that plaintiff's complaint attempts to state claims based on defendants' threats and harassment, defendants' motion to dismiss is GRANTED;

To the extent that plaintiff's complaint attempts to state claims based on defendants' alleged violations of plaintiff's first amendment rights at the September 13 hearing, defendants' motion for summary judgment is hereby GRANTED;

Finally, the court acknowledges that there are sufficient issues of fact in dispute to preclude summary judgment regarding the alleged due process violations at plaintiff's December 24, 1990 hearing and consequent confinement, plaintiff's prehearing confinement from December 22 until December 24, 1990, and the post reversal eighteen day confinement. Therefore, the Court adopts the Magistrate Judge's recommendation and grants plaintiff leave to amend his complaint to clarify *these* due process claims. Plaintiff's amendment, if undertaken at all, must be filed within thirty days of this order's filing. Plaintiff's amendment should be in all respects consistent with this order and should not attempt to assert any claims which have been dismissed, nor those as to which defendants have been granted summary judgment herein. Defendant Coughlin should not be a party to any amended complaint.

It is further ordered that this action be returned to the Magistrate Judge for further consideration consistent with this Memorandum Decision and Order.

**IT IS SO ORDERED**