Tony BOWLES, Plaintiff,

v.

The State of NEW YORK, The Riverbank State Park, and J. Hardison, Defendants.

No. 98 Civ. 822(SHS).

United States District Court, S.D. New York.

Jan. 25, 1999.

Tony Bowles, New York City, pro se.

Keith P. Brown, N.Y.S. Atty. Gen'l Office, New York City, for defendants.

### OPINION AND ORDER

STEIN, District Judge.

Plaintiff Tony Bowles brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants have violated his Constitutional rights by falsely arresting him, maliciously prosecuting him, verbally harassing him and using excessive force during his arrest. Plaintiff seeks $40 million in damages. Defendants move for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c). For the following reasons, defendants' motion is granted and the amended complaint is dismissed.

### BACKGROUND

The following allegations are taken from the amended complaint: Bowles alleges that in "September and October 1997" he was "harassed and verbally abused" in Riverbank State Park by defendant New York State Park Police Officer J. Hardison. Amended Complaint at "fifth". On October 15, 1997, defendant "spotted [Bowles] in the park and informed him that the park was closed, and ordered him to leave." Amended Complaint at "sixth". Plaintiff allegedly "proceeded to leave, but was arrested and brought to the park police station." *Id.* Officer Hardison allegedly "pushed and shoved him while conducting a search" of Bowles. *Id.* He was held in a cell for three hours, issued two summonses for disorderly conduct and released. *Id.* One month later—November 17, 1997—one of the disorderly conduct charges was dismissed and the other was adjourned in contemplation of dismissal ("ACD") and ultimately dismissed.[1] Amended Complaint at "seventh".

1. No further court proceedings have been brought to the Court's attention subsequent to

Plaintiff filed this action in November of 1997 against the State of New York, the Riverbank State Park, and officer Hardison. Defendants have now moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Defendants contend that the Eleventh Amendment precludes this suit against all three defendants. The parties have fully briefed this motion, including the submission of a sur reply by plaintiff dated January 8, 1999.

## DISCUSSION

The standard governing a motion for judgment on the pleadings is equivalent to the standard governing a motion to dismiss for failure to state a claim upon which relief can be granted. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994), *cert. denied*, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). Accordingly, in evaluating a Rule 12(c) motion, a court must accept as true the allegations of the complaint and must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party. *See, e.g., Id.; Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989); *New York Criminal Bar Ass'n v. Newton*, 1999 WL 14015, *1 (S.D.N.Y. Jan.13, 1999). The Court "may not dismiss the complaint 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Madonna*, 878 F.2d at 65 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In other words, "[j]udgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns*

*Intern. Sec. Servs. Inc. v. International Union, United Plant Guard Workers of America*, 47 F.3d 14, 16 (2d Cir.1995).

■ Moreover, as a *pro se* litigant, plaintiff is entitled to significant liberality in how his pleadings are construed. A pro se plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520–21, 92 S.Ct. 594; *see Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir.1989). Nevertheless, for the following reasons, defendants' motion is granted.

I. *The Eleventh Amendment Bars the Action Against the State of New York*

■ The claim against the State of New York must be dismissed because the Eleventh Amendment bars from federal court all section 1983 suits for legal or equitable relief brought by citizens against unconsenting states and agencies of those states. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *see also Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (section 1983 does not override the immunity granted to states by the Eleventh Amendment); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (New York is an unconsenting state).[2]

II. *Riverbank State Park is not a "Person" and Cannot be Sued Pursuant to 42 U.S.C. § 1983*

■ The claim against Riverbank State Park must be dismissed because section

the acceptance of the ACD by plaintiff.

**2.** Defendants contend that officer Hardison is immune from suit because the Eleventh Amendment provides immunity from suit to state officials who are sued in their official capacity. Liberally construed, however, plaintiff may be alleging that officer Hardison in his individual capacity, acting under color of law, violated plaintiff's constitutional rights. Defendants also contend that officer Hardison is shielded from suit by the doctrine

of qualified immunity. The Court, however, need not address that argument because it finds that no constitutional violation has been stated. *Harlow v. Fitzgerald*, 457 U.S. 800, 821, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (Brennan, J., concurring) (threshold determination of whether there is a constitutional violation required before deciding whether a public official is entitled to qualified immunity).

1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "constitution and laws." 42 U.S.C. § 1983. A park is not a "person" within the meaning of section 1983. *Cf. Spencer v. Doe,* 139 F.3d 107, 111 (2d Cir.1998) (state agency is not a "person" under section 1983); *Seergy v. Kings County Republican County Committee,* 459 F.2d 308, 313 (2d Cir.1972) (New York City Board of Elections is not a "person"); *Zuckerman v. Appellate Division, Second Dep't, Supreme Court,* 421 F.2d 625, 626 (2d Cir.1970) (a court is not a "person"); *Mathis v. Clerk of First Dep't, Appellate Div.,* 631 F.Supp. 232, 235 (S.D.N.Y.1986) (same).

## III. *False Arrest and Malicious Prosecution*

■ No claim may be brought pursuant to 42 U.S.C. § 1983 for false arrest or malicious prosecution if the plaintiff was convicted of the offense for which he was arrested. *Heck v. Humphrey,* 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[A] section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); *Cameron v. Fogarty,* 806 F.2d 380, 386–88 (2d Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987) (citations omitted); *see also Dukes v. New York,* 743 F.Supp. 1037, 1040–41 (S.D.N.Y.1990). Because plaintiff has not alleged that the state court proceedings terminated in his favor, the false arrest and malicious prosecution claims must be dismissed.

■ An ACD is not considered a termination of prosecution in plaintiff's favor under New York law. *Johnson v. Bax,* 63 F.3d 154, 159 (2d Cir.1995) (pro se plaintiff could not maintain a section 1983 suit for false arrest or malicious prosecution after accepting an ACD, but could maintain a suit based on violations of his First Amendment rights); *see also Roesch v. Otarola,* 980 F.2d 850, 852 (false imprisonment claim not cognizable after acceptance of an ACD under Connecticut law); *Singleton v. City of New York,* 632 F.2d 185, 193 (2d Cir.1980) (malicious prosecution claim not cognizable after acceptance of an ACD under New York law); *Rivera v. City of Rochester,* 21 F.Supp.2d 230, 233 (W.D.N.Y.1998) (same).

Plaintiff alleges that one of the two summonses he was issued for disorderly conduct was dismissed on November 17, 1997. Liberally construed, plaintiff contends that he can maintain an action for false arrest and malicious prosecution based on the charge that was dismissed. Amended Complaint at "seventh". However, "[w]here ... the criminal prosecution has resulted in acquittal on some, but not all charges, the Court must determine whether the charges are sufficiently distinct to allow a malicious prosecution claim to proceed on the charge for which there was an acquittal." *Pichardo v. New York Police Dept.,* 1998 WL 812049, *3 (S.D.N.Y. Nov.18, 1998) (citing *Janetka v. Dabe,* 892 F.2d 187, 190 (2d Cir.1989)).

In order to determine if charges are distinct the "[c]ourt shall examine whether the elements of each charge are different, whether one charge is a lesser included offense of the other, and whether the alleged actions were directed at different people." *Id.* at *3 (citing *Janetka,* 892 F.2d at 190). In the instant case, plaintiff was issued two summonses—both for disorderly conduct—for the same incident at the same time on the same day.[3] Copies

---

3. The Court in *Pichardo* noted that "[c]harges may be sufficiently distinct even if they arose out of the same events that occurred on the same occasion." *Id.* 1998 WL 812049 at *3. However, unlike the instant case, charges are more likely to be considered distinct "[w]hen there is a significant disparity in the gravity of

the offenses". *Id.* This policy is designed to discourage a prosecutor from " 'securing an indictment for an easily provable minor offense and adding to it more serious charges with the hope that proof of probable cause on the lesser charge would insulate the prosecutor from liability for malicious prosecution on

of the two summonses are annexed to the original complaint. The two charges brought against plaintiff were not distinct.

Therefore, because an ACD is not considered termination of prosecution in plaintiff's favor under New York law and the two charges against plaintiff were not distinct, plaintiff's action against defendants for malicious prosecution and for false arrest must be dismissed.

### IV. *Excessive Force During Search*

Liberally construed, plaintiff alleges that Officer Hardison used excessive force by "push[ing] and shov[ing]" him during the search incident to his arrest. "Where an excessive force claim arises in the context of an arrest, the claim should be evaluated on a reasonableness standard." *Houston v. New York State Troopers*, 1997 WL 639256, *3 (S.D.N.Y. Oct.15, 1997) (citing *Roundtree v. City of New York*, 778 F.Supp. 614, 621–22 (E.D.N.Y.1991)). A court should determine whether the officer's actions were objectively reasonable in light of the facts and circumstances surrounding the arrest. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). A court must therefore adopt the perspective of a reasonable officer on the scene of the arrest and be mindful that " '[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." *Graham*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)).

■ In determining whether the use of force was reasonable, a court should look to the need for the use of force, the relationship between the need and the amount of force used, the extent of injury inflicted, and whether the force was applied in good faith or maliciously and sadistically. *Johnson*, 481 F.2d at 1033. "A complaint that fails to allege an unreasonable excessive

use of force may be dismissed for failure to state a claim. Such a dismissal would be proper only 'if it is absolutely certain that plaintiff can establish no facts to show that he was subjected to an unreasonable use of force by the arresting officers.' " *Houston*, 1997 WL 639256, at *3 (quoting *Roundtree*, 778 F.Supp. at 621).

■ In this case, accepting as true the allegations in the amended complaint, and drawing all reasonable inferences in favor of plaintiff, the Court finds that the plaintiff has not alleged that officer Hardison used unreasonable excessive force. Therefore, plaintiff's claim of excessive force is dismissed. *See Roundtree*, 778 F.Supp. at 622 (court dismissed excessive force claim based only on plaintiff's allegation that he was pushed into a car); *Mandina v. The City of Yonkers*, 1998 WL 637471, *9 (S.D.N.Y. Sept.16, 1998) (granting summary judgment against pro se plaintiff who alleged, inter alia, that during his arrest, defendant police officer used excessive force by pushing and shoving him into a police car); *see also Landy v. Irizarry*, 884 F.Supp. 788, 798 (S.D.N.Y.1995) (granting summary judgment where pro se plaintiff alleged that officer used excessive force by kicking him and pushing a gun against his head during arrest; force was reasonable because the plaintiff resisted arrest and attempted to flee); *Hamilton v. Broomfield*, 1998 WL 17697, *1 (S.D.N.Y. Jan.20, 1998) (dismissing pro se complaint which alleged that officer used excessive force during arrest by bloodying the plaintiff's lip and placing handcuffs too tightly around his wrists; officer acted reasonably because the plaintiff resisted arrest); *Odom v. Bruno*, 1994 WL 132286, *3–4 (S.D.N.Y. April 14, 1994) (court granted summary judgment where force alleged was removal of a soft arm cast in order to handcuff the plaintiff, who had attempted to flee).

the unproved serious ones.' " *Id.* (quoting *DiBlasio v. City of New York*, 102 F.3d 654, 658

(2d Cir.1996)).

## V. *Verbal Harassment*

To the extent Bowles seeks to assert a claim of verbal abuse against Hardison, this Court notes that verbal harassment or threats alone do not constitute a violation of any federally protected right and are therefore not actionable pursuant to 42 U.S.C. § 1983. *Arce v. Banks,* 913 F.Supp. 307 (S.D.N.Y.1996); *Zeno v. Cropper,* 650 F.Supp. 138, 141 (S.D.N.Y.1986). Thus, plaintiff's claims of verbal harassment must be dismissed. *See Jermosen v. Coughlin,* 878 F.Supp. 444, 449 (N.D.N.Y. 1995) ("Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under section 1983.").

## VI. *CONCLUSION*

For the reasons set forth above, defendant's motion for judgment on the pleadings is granted and the Clerk of Court is directed to enter judgment dismissing the amended complaint in its entirety.

SO ORDERED.