Lucille LINCOLN, individually, and as guardian for minor children Perry Lincoln, Sylvia Duncan, Hank Whipple and Leonard Whipple; Eric Lincoln, individually, and as guardian for minor children, Perry Lincoln, Sylvia Duncan, Hank Whipple and Leonard Whipple; Perry Lincoln, a minor; Sylvia Duncan, a minor; Hank Whipple, a minor; Leonard Whipple, a minor; Jack Scribner; Frank Hoaglen; Leona Luna; Peter Bye, Plaintiffs–Appellants,

---

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois.

3. *Vision I,* 155 F.3d at 1176.

v.

Jim TUSO; Berle Murray; Shannon Barney, Deputy; Tim Ellis, Deputy; Al Tripp Deputy; Tom Allman, Deputy; County of Mendocino; John Brown; Matthew Kendall; Greg Stephani; Kurt Smallcomb, Deputy; State of California; Clarence Holmes, C.H.P. Officer, Defendants–Appellees.

No. 00–15342.

D.C. No. CV–96–01297–WHA/PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided June 18, 2001.

Before PREGERSON, FERGUSON and HAWKINS, Circuit Judges.

MEMORANDUM *

█ Officials are protected from civil damages by qualified immunity if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellants did not waive their claims of unlawful detention. However, as we have recognized, "[p]olice officers are entitled to employ reasonable methods to protect themselves and others in potentially dangerous situations." *Allen v. City of Los Angeles,* 66 F.3d 1052, 1056 (9th Cir. 1995). On the facts of this record, summary judgment was appropriate in favor of the law enforcement personnel who responded to a shootout in which two persons, including one law enforcement officer, had been killed. The officers could reasonably have feared for their safety and the safety of others when Lucille Lincoln drove her vehicle into the middle of the crime scene. The officers quickly removed the appellants from the scene, and released them shortly after they were questioned. Nothing in this record suggests that the officers' actions were contrary to clearly established law. Accordingly, the officers were entitled to qualified immunity on the unlawful detention claims.

The district court also properly granted qualified immunity and summary judgment to the officers on the excessive force claims. "[O]n summary judgment, the court may make a determination as to the reasonableness where, viewing the evidence in the light most favorable to [the nonmoving party], the evidence compels the conclusion that [the] use of force was reasonable." *Hopkins v. Andaya,* 958 F.2d 881, 885 (9th Cir.1992). The evidence presented here compels the conclusion that the officers did not use excessive force. The individuals needed quickly to be removed from the crime scene and from the presence of an unknown gunman still at large. The force used was appropriate for accomplishing this task.

That the officers used foul language and threatened one of the appellants with violence does not rise to the level of a constitutional violation. *See, e.g., McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993); *Bowles v. New York,* 37 F.Supp.2d 608, 613 (S.D.N.Y.1999).

**AFFIRMED.**